UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NERON DOZIER, *pro se*,

                Petitioner,

        -against-

MICHAEL McGINNIS, Superintendent,
Southport Correctional Facility,

                Respondent.
-------------------------------------------------------------x

**SUMMARY ORDER**
05-cv-3678 (DLI)

**DORA L. IRIZARRY, Chief United States District Judge:**

*Pro se*[1] Petitioner Neron Dozier ("Petitioner") filed a petition for a writ of habeas corpus on August 10, 2005. *See* Pet. for Writ of Habeas Corpus ("Petition"), Dkt. Entry No. 1. The Petition was stayed pending Petitioner's exhaustion of state remedies. On March 26, 2008, this Court denied the Petition in its entirety, and denied Petitioner a certificate of appealability. *See* Order Denying Pet. for Writ of Habeas Corpus, Dkt. Entry No. 36. Petitioner now moves to vacate the denial of his Petition, pursuant to Federal Rule of Civil Procedure 60(b)(6). *See* Notice of Mot. to Vacate ("Mot. to Vacate"), Dkt. Entry No. 39. Petitioner argues that an intervening change in law requires the Court to revisit certain claims in the Petition denied on the grounds of procedural default,. *See generally*, Mot. to Vacate. Petitioner's submissions also raise, for the first time, a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Pet'r's Sur Reply at 4, Dkt. Entry No. 47.

---

[1] In reviewing Petitioner's submissions, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets Petitioner's filings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and citation omitted).

Although Petitioner styles the present motion as brought pursuant to Rule 60(b)(6), in the habeas context, a Rule 60(b)(6) motion that raises "claims" must be treated as a successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31. "A motion that seeks to add a new ground for relief…qualif[ies]" as a successive habeas petition. *Id.* at 532. So, too, does a motion "contend[ing] that a subsequent change in substantive law is a reason justifying relief." *Id.* at 531 (quotation marks and citation omitted). Accordingly, Petitioner's pleading, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.*; *see also Maisonet v. Conway*, No. 04-CV-2860 (RRM), 2011 WL 317833, at *4-5 (E.D.N.Y. Jan. 31, 2011).

This Court does not have jurisdiction to adjudicate successive habeas petitions without permission of the Second Circuit Court of Appeals to do so. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reinstate the motion under this docket number.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge